# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## EMPLOYMENT DISCRIMINATION COMPLAINT FOR PRO SE LITIGANTS IN ACTIONS FILED UNDER
42 U.S.C. § 2000e, *et seq.*, (Title VII of the Civil Rights Act)
29 U.S.C. § 621, *et seq.*, (Age Discrimination in Employment Act); or
42 U.S.C. § 12112, *et seq.*, (Americans with Disabilities Act)

Michael David Scebbi,
*(Write the full Name of each Plaintiff who is filing this complaint. If the names of all the Plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v.

Office Depot, Inc,

N/A,
*(Write the fill name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*
N/A

Case No.: 3:20cv5930-TKW-HTC
*(To be filled in by the Clerk's Office)*

**Jury Trial Requested?**
☐ YES  ☑ NO

## I. PARTIES TO THIS COMPLAINT

A. Plaintiff

1. Plaintiff's Name: Michael David Scebbi

   Address: 193 Juniper Dr.

   City, State, and Zip Code: Freeport, FL 32439

   Telephone: N/A (Home) (850) 420-7951 (Cell)

2. Plaintiff's Name: N/A

   Address: N/A

   City, State, and Zip Code: N/A

   Telephone: N/A (Home) N/A (Cell)

   *(Provide this information for any additional Plaintiffs in this case by attaching an additional page, as needed.)*

B. Defendant(s)

1. Defendant's Name: Robert Calbert

   Name of Employer *(if relevant)*: Office Depot, Inc.

   Address: 6600 N Military Trail

   City, State, and Zip Code: Boca Raton, FL 33496

2. Defendant's Name: __N/A__

   Name of Employer *(if relevant)*: __N/A__

   Address: __N/A__

   _____

   City, State, and Zip Code: __N/A__

   *(Attach a page to provide this information for any additional Defendants.)*

## II. BASIS FOR JURSIDICTION

This case is brought for discrimination in employment pursuant to:

*(Check all that apply)*

- ☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e - § 2000e-17 *(race, color, gender, religion, national origin)* **(Note: To bring a federal lawsuit under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)**

- ☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. § 621 to § 634. **(Note: To bring a federal lawsuit under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)**

- ☑ Americans with Disabilities Act of 1990 [A.D.A.], as codified, 42 U.S.C. § 12112 to § 12117. **(Note: To bring a federal lawsuit under the A.D.A.,**

*you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other Federal Law (*be specific*): N/A

_____

☐ Relevant State Law (*specify, if known*): N/A

_____

☐ Relevant City or County Law (*specify, if known*): N/A

_____

## III. STATEMENT OF CLAIM

Write a short and plain statement of your claim. Do not make legal arguments or quote from cases. State the facts which show what happened, as well as where and when it happened. State how each Defendant was involved and explain what a Defendant did or did not do. Identify how each named Defendant caused you harm or violated federal law. Write each statement in numbered paragraphs, limited as far as practicable to a single event or incident. If more than one claim is asserted, number each claim, and ensure that a short and plain statement of facts supporting each claim is included in the facts alleged. Attach no more than two (2) additional pages to state your claim.

See attached
_____

February 4, 2020

1. I returned from bonding leave due to a new baby (FMLA) and my lock was cut off my locker and items were missing. One of the items missing was a radio we used to communicate in the store. Nobody contacted me and asked me about this the radio. The store manager came in not to long after I arrived in the break room and I told him about the lock and he said he knew about Kevin cutting it off and stated I cannot keep radios in my locker it is against policy. I then told him it was my personal radio that I had purchased many years ago. I then asked why did Kevin a manager/key holder has a radio and a charger with a battery in his locker and his did not get cut off, or even told not to do it anymore. He stated he did not know he had one in his locker. A wire from the wall to his locker is clearly visible.

2. The week before I came back the company had consolidated my position under the customer service manager duties. This was due to the lack of overall sales in this particular store. So normally me and the customer service manager Chuck would interview for this position to see who would get the position, but Chuck was moving to Arizona so the position defaulted to me if I wanted it. I did accept the position and on February 4, 2020 I started back from my leave of absence as a customer service manager/key holder, but I did not feel like I was welcome back. I noticed many of the management team was already aggravated with me for reasons I do not know. I asked for my store keys and the manager said he would get them for me when he went back to the office. I was then put on a task of consolidating a pallet of water from one part of the store to the front. After that I was told I to make sure all the check out areas are set correctly and filled from top stock (a ladder is required for this). I worked on this project until I was put on lunch. Due to my last operation I was no longer able to climb ladders or lift heavy items. I ended up climbing ladders and moving heavy cases of water and I suffered in pain because I wanted this position to work. I returned from lunch and then not to long after I asked to speak with the store manager Rob Calbert and notified him I was quitting because it was obvious that you are not going to try to accommodate my disabilities anymore that I am in my new position, and he stated that no they were not able to accommodate my disabilities in this position. He did not seemed to be surprised that I was quitting, and even seemed to expect it. He also mentioned that Susan the district Manager said that you might quite. I been at work for more than 6 hours and still have not received my store keys to attempt to do my job properly. My employee file has a doctors letter from my last operations that should state that I am not able to do these task. When I was in my last position as copy and print supervisor I rarely had to do any of these task except when the store was busy and I did my best to accommodate the customer. I even had a stool in my department because of my medical papers which should be in my employee file that is where I was told it was filed when I gave it to the store manager. Before this we never had a chair/stool in the department I worked in. I feel this treatment was because I put in for this position and the assistant managers position may times over the year and kept getting turned down each time, and now he had no choice but to have me in the key holder position. There were times that the job was posted and everybody was told it was posted except me. A few months before my FMLA leave I applied for the assistant store managers position and so did another co-worker, and when it was time for the District Manager

Section 3 ~~Attack~~ Page 1 of 3

to interview the applicants I was not interviewed for the position. I asked when my time to be interviewed for the position would be and the store manager stated that he just seen my application and then stated that I was ineligible for the position. I asked how am I ineligible and he said I was not in a management position like a key holders position lack of experience for this position. I then reminded him that I was a department head and then an assistant store manager for 10 years for a larger company Winn Dixie with triple the amount of employees under me and department heads. He stated he did not know this and I reminded him it was on my application when you hired me. Then he stated that I was always late to work I then started to feel he was making excuses and trying to avoid the subject. I was never interviewed for the position of assistant store manager.

October 10, 2020

1. I had to leave early for some doctors appointments and had the store managers permission. I then get a text from the manager Kevin at 2:07pm asking for my ETA. I replied I will not be back today I still had another appointment. Then he asked who I discussed this with. I told him I got approval from Rob the store manager. This was agreed upon because originally this was my day off so I could make it to these appointments. Then he replied that I told Rob that after my appointment I would come back to work. I replied my last appointment was at 4:30pm and I was sorry he was misinformed. The next day I came to work and the attendance policy was posted in the break room, and a notice that the store was going to follow the attendance policy to the letter and that was posted about 4 to 5 times in every wall even the refrigerator. I was not sure how I had not followed the policy. I felt like I was being isolated from my co-workers again. Since October many associates did not follow the attendance policy including the store manager. If this policy was followed most of the stores employee population would be terminated including the store manager. I had an employee in my department who missed work more than she was at work, but still had a job. At one point she missed scheduled work so much that she was not on the schedule anymore and Rob the store manager said it doesn't look like she is coming back, but when I went on LOA in November she was brought back or rehired to take my place.

April of 2019

Office Depot had stores that were going to do fingerprinting for the Census 2020 employees. A specific kiosk was shipped for this. My store was one of the ones chosen to do this. Office Depot said that all employees had to get fingerprinted to be able to fingerprint the Census employees. I was one of the employees that refused because I was worried about my personal information was not safe. About a month went by when the District Manager Susan and the store manager Rob Calbert and I had to sit down to discuss why I refused to get this done. It came down to it that I either do the fingerprinting or I would not have a job anymore. I decided

Section 3 Page 2 of 3

to do the fingerprinting and told them they have no way of ensuring my personal information was safe. During the process of getting certified to do the Census 2020 fingerprinting I had to get information notarized I was on a video call from someone in a car in India who had to pull over when the video call started. I also found out that not everyone was fingerprinted in my store and they had no intention to do so. A cashier named Diana R. did not get fingerprinted or even asked to. I was never asked to fingerprint anybody I only was asked to log on the kiosk once to verify my password was working and to do the training. I feel this was part of the store managers harassment against me and to also alienate me from the rest of the store. It made me look like I did not want to go with the flow. Attached will be documents HB 1153 and SB 1270.

1. During one of my shifts I could not find my black under shirt I normally wear so I used a yellow shirt and was told I could not wear it because it was not part of the dress code. I ended up taking it off, but during the conversation he said he knows he needed to be more stricked on the dress code and mentioned the Assistant Managers brown shoes which is not part of the dress code it needs to be black shoes. He never confronted the Assistant Manager about this dress code issue. I also have pictures from then to when I left the company as others were not made follow the dress code. I even had another manager Kevin let a new employee start with a short sleeve shirt that did not cover her arm pits.

A. The discriminatory conduct at issue includes (*check all that apply*):

☐ Failure to hire

☐ Termination of employment

☑ Failure to promote

☑ Failure to accommodate disability

☐ Unequal terms and conditions of employment

☐ Retaliation

☑ Other acts *(specify)*: Harassment and Hostile Work place

*(ATTENTION: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission may be considered by the federal district court under the federal employment discrimination statutes.)*

B. The alleged discriminatory acts occurred on: February 4, 2020

☐ Plaintiff sought employment with Defendant on _____ or

☑ Was employed by Defendant from 11/2011 until 02/04/2020

C. The location where Plaintiff was employed or sought employment was:

Address: 34940 Emerald Coast Pkwy

City, State, and Zip Code: Destin, FL 32541

## IV. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

A. Plaintiff filed charges against Defendant with the Equal Employment Opportunity Commission or the Florida Commission on Human Rights on: __04/07/2020__

B. Respondent(s) named on the charging document were: __N/A__

   _____

   *(If possible, attach a copy of the charges filed.)*

C. The Equal Employment Opportunity Commission: *(check one)*

   ☐ Has not issued a Notice of Right to Sue letter.

   ☑ Issued a Notice of Right to Sue letter which I received on __08/05/2020__

   *(Note: You must attach a copy of the Notice of Right to Sue letter received from the Equal Employment Opportunity Commission to this complaint.)*

D. As claimed in the Equal Employment Opportunity Commission charging document, Defendant discriminated against Plaintiff because of Plaintiff's:

   ☐ Gender/Sex *(please identify)* __N/A__

   ☐ Race *(please identify)* __N/A__

   ☐ Color *(please identify)* __N/A__

   ☐ Religion *(please identify)* __N/A__

   ☐ National origin *(please identify)* __N/A__

EEOC Form 161 (11/16)         **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Michael D. Scebbi<br>193 Juniper Drive<br>Freeport, FL 32439 | From: | Mobile Local Office<br>63 S Royal Street<br>Suite 504<br>Mobile, AL 36602 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 425-2020-00669 | KIMBERLY R. JOHNSON,<br>Investigator | (251) 690-2382 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Erika LaCour*                                        08-05-2020

Enclosures(s)            Erika LaCour,                       (Date Mailed)
                         Local Office Director

cc:   **OFFICE DEPOT**
      **Rob Calbert, Manager**
      **34940 Emerald Coast Pkwy**
      **Destin, FL 32541**

Section 4 page 1 of 3

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** — **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** — **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** — **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** — **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Section 4 page 2 of 3

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Section 4 Page 3 of 3

☑ Disability/Perceived Disability *(please identify)* Physical and mental

☐ Age *(please provide your year of birth only if you asserting a claim for age discrimination)* N/A

☐ Other *(please identify)* N/A

E. Plaintiff:

☐ Filed charges concerning this discrimination with the Florida Commission on Human Relations on ; or

☑ Did not file.

F. If asserting a claim for age discrimination, please indicate the amount of time that has elapsed since filing your charge of age discrimination with the Equal Employment Opportunity Commission regarding the Defendant's alleged discriminatory conduct *(check one)*:

N/A

☐ 60 days ore more have elapsed.

☐ Less than 60 days have elapsed.

G. If this is a disability-related claim, did Defendant deny a request for a reasonable accommodation? ☑ Yes   ☐ No

Explain: _____

_____

NDFL Pro Se 7 (Rev. 12/16) Complaint Employment Discrimination
ClerkAdmin/Official/Forms

8

H. The facts as set forth above in Section III of this complaint:

☐ Are still being committed by Defendant against Plaintiff

☑ Are no longer being committed by Defendant against Plaintiff

I. Plaintiff:

☐ Still works for Defendant

☑ No longer works for Defendant

☐ Was not hired

## V. RELIEF

Briefly state what damages you are requesting and include the amounts of any actual damages claimed and the basis for these amounts. Include any punitive or exemplary damages requested and state the reasons you believe you are entitled to such damages:

$1,109,000 in total damages. $300,000 for Emotional distress for depression, loss of enjoyment of life, sleep difficulties, and emotional distress in the work place. $300,000 for punitive damages due to failer in enforcing policies when reported discrimination under good faith. $509,000 for hardship and of the loss of position and failure to promote to include back pay, front pay and raises or bonuses for there been no discrimination.

Plaintiff also requests that the Court grant the following relief to Plaintiff:

☐ Defendant be directed to employ Plaintiff

☐ Defendant be directed to re-employ Plaintiff

☐ Defendant be directed to promote Plaintiff

☐ Defendant be directed to _____

_____

☑ Plaintiff seeks costs and fees involved in litigating this case and such other relief as may be appropriate, including attorney's fees, if applicable.

## VI. CERTIFICATION

As required by Federal Rule of Civil Procedure 11, I certify by signing below that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 11/04/2020   Plaintiff's Signature: *Michael Scebbi*

Printed Name of Plaintiff: Michael David Scebbi

Address: 193 Juniper Dr
Freeport, FL 32439

E-Mail Address: sceb666@hotmail.com

Telephone Number: (850) 420-7951





FROM:
Michael Scebbi
193 Juniper Dr
Freeport, FL 32439

TO: Clerk, U.S. District Court
1 North Palafox Street
Room 226
Pensacola, FL 32502-5658

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.