UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL DAVID SCEBBI,

    Plaintiff,

v.                                  Case No. 3:20cv5930-TKW-HTC

OFFICE DEPOT INC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael David Scebbi initiated this action by filing a *pro se* employee discrimination complaint based on allegations arising out of his former employment at an Office Depot store.  ECF Doc. 1.  The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E).  For the reasons that follow, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with Court orders.

On December 14, 2020, in accordance with Rule 4(b), the Court entered an order instructing Plaintiff that he is responsible for serving the complaint and directing Plaintiff to present the requisite summons(es) for each Defendant to the

clerk for signature and seal within seven (7) days.  ECF Doc. 3.  Plaintiff failed to submit any summons(es) to the clerk within the Court's deadline.

Thus, on December 31, 2020, the Court gave Plaintiff an additional fourteen (14) days to show cause why his case should not be recommended for dismissal for failure to prosecute or comply with a Court order.  *See* ECF Doc. 4.  Plaintiff's deadline to respond to the Court's order has passed, and Plaintiff has failed to show why the undersigned should not recommend his case for dismissal.

Indeed, despite this Court's orders, Plaintiff has failed to file anything with this Court since filing the complaint more than two (2) months ago.  ECF Doc. 1.  Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim if the plaintiff fails to prosecute it.  Fed. R. Civ. P. 41(b); *see also* N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or a court order, the Court may . . . dismiss a claim . . . .").  "The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot be seriously doubted.  The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases . . . [o]n the calendars of the District Court."  *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.

Case No. 3:20cv5930-TKW-HTC

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a Court order.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 25th day of January, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 3:20cv5930-TKW-HTC